## SAMUEL EASTER & another *vs.* IRA H. ALLEN.

If goods have been obtained from their owner by fraud and false pretences, the burden of proof is upon one who claims under a subsequent purchase to show that he was a purchaser for a valuable consideration without notice.

In an action of replevin of goods obtained from their owner without payment and by fraud and false pretences, against one who claims under a subsequent purchase, the intent to defraud cannot be shown by evidence of declarations, not relied upon as a part of the false pretence by which the goods were obtained, but made, after the completion of that transaction, by a third person to whom the plaintiff was referred by the vendee for information, and in reply to inquiries put by the plaintiff; nor can such intent to defraud be shown by evidence that the plaintiff found on inquiry that a third person whom that vendee subsequently introduced to him as doing business at a particular place, did not do business there.

In an action of replevin of goods obtained from their owner by fraud and false pretences against one who claims under a subsequent purchase, it may be shown by cross-examination of the plaintiff that a few days before the trial he made a complaint against the person who obtained the goods from him for obtaining them under false pretences, and caused him to be arrested on the morning of the trial.

REPLEVIN. At the trial in the superior court, before *Brigham* J., the plaintiffs introduced evidence tending to show that the goods were obtained from them by N. Allen without payment, and by fraud and false pretences. For the purpose of showing the fraudulent intent of Allen, they offered evidence to show that, two days after the transaction with the plaintiffs, Allen went into a store in Boston to purchase goods, and informed the salesman that he had taken a lease of a store and was going into business, and gave the name of D. P. Dodge as a reference, as to the truth of his statements; and they offered to show what Dodge said, in reply to inquiries made of him by the salesman. It was not contended that the answers of Dodge were a part of the pretences under which the plaintiff's goods were obtained, or that they were false; and the judge rejected the evidence. The plaintiffs also offered to show that, in a subsequent interview with the same salesman, Allen introduced to him one J. T. Dodge, as a dealer in fluid lamps on Tremont Row, in Boston; and that the salesman inquired at Tremont Row, and found that said Dodge was not a dealer in fluid lamps there. This evidence was rejected.

One of the plaintiffs testified as a witness, and the defendant offered to show, by cross-examination of him, that five days before the trial he made a complaint against N. Allen for obtaining the goods by false pretences, and that the warrant which issued thereon was served on the morning of the trial, by arresting Allen. This evidence was objected to, but the judge admitted it, for the sole purpose of showing bias or interest, and thus of affecting the credibility of the witness.

The judge instructed the jury that, it being agreed that the goods came into the possession of the defendant by a transaction which had the form of a sale, the burden of proof was on the plaintiffs to show, by a preponderance of testimony, not only that the goods were obtained by said N. Allen by false pretences, but that the defendant was not an innocent purchaser.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*G. E. Betton*, for the plaintiffs.

*S. B. Ives, Jr.,* (*H. G. Johnson* with him,) for the defendant. A sale procured by fraud is not void, but voidable. The plaintiffs, therefore, having parted with their title, can only avoid the sale by showing that they have a better title than the defendant. The defendant is found in possession, which is a good title until a better one is shown. And it is not enough for the plaintiffs to show a title which is good against another person. See *Butler* v. *Breck*, 7 Met. 164. *Hatch* v. *Bayley*, 12 Cush. 27. *Root* v. *French*, 13 Wend. 570. No analogy exists between this case and the case of a promissory note obtained by fraud.

MERRICK, J. It appears from the bill of exceptions to have been satisfactorily proved or admitted that the goods replevied were formerly owned by the plaintiffs, and were sold by them to N. Allen. He afterwards sold and delivered them to the defendant, who claims title thereto only under and by force of that sale to him. The plaintiffs allege that the sale by them to N. Allen was induced, and that he obtained possession of the goods, by fraud and by false and fraudulent pretences. If such was the fact, they may undoubtedly rescind and avoid their contract of sale, and may maintain this action against the defendant, unless he was a purchaser in good faith, for value paid and without notice of the fraud. *Hoffman* v. *Noble*, 6 Met. 68. *Rowley* v. *Bigelow*, 12 Pick. 307.

The plaintiffs, having produced evidence upon the trial tending to show the alleged fraud, asked the court to instruct the jury that if N. Allen obtained the goods from them by fraud and false pretences, the burden of proof was upon the defendant to show that he bought them in good faith and for value paid. But the court declined to accede to this request, and ruled that the burden of proof was on the plaintiff to show by a preponderance of evidence, not only that the goods were obtained by N. Allen by false pretences, but also that the defendant was not an innocent purchaser ; and the jury were accordingly instructed to that effect.

This ruling was erroneous. It was sufficient in the first instance for the plaintiffs to prove that they were the owners of the goods, and that their title thereto was never devested by

any lawful contract binding upon them. They had, therefore, if such were the fact, an undoubted right to reclaim and recover the goods from any person who had not purchased them in good faith and for value paid. This is an exception of which the defendant might avail himself. But, to establish the validity of his title acquired under the sale to N. Allen, it is incumbent on him to show that he was à purchaser in fact, and paid value for the goods. Proof to this effect will establish his right, unless it be further shown by the plaintiffs that, at the time of his purchase, he had knowledge of the fraud.

In respect to promissory notes, it has been repeatedly determined that if they have been fraudulently obtained from the maker, or fraudulently put into circulation, in an action thereon by an indorsee, the burden of proof, after such fraud has been established, is on him to show that he became possessed of them in good faith, by a purchase and payment of value. *Sistermans* v. *Field,* 9 Gray, 331. *Estabrook* v. *Boyle,* 1 Allen, 412. *Tucker* v. *Morrill,* Ib. 528. *Smith* v. *Edgeworth,* 3 Allen, 233. The reason of the rule is applicable with greater force to the case of chattels obtained by fraud ; and therefore a purchaser from a fraudulent grantee, who had no just title, ought to be required to prove a fact necessarily in his own knowledge, if such fact occurred, that he paid value for the goods which he purchased. This rule, in its application to chattels, was distinctly recognized and affirmed in the case of *Pringle* v. *Phillips,* 5 Sandf. 157. And so in the cases of *Hoffman* v. *Noble* and *Rowley* v. *Bigelow, ubi supra,* the subsequent purchaser was allowed to maintain his title upon showing affirmatively on his part that he paid value for the chattels transferred to him by a fraudulent vendee. The same rule has been observed and practically enforced in reference to real estate. *Somes* v. *Brewer,* 2 Pick. 184. *Green* v. *Tanner,* 8 Met. 411.

The further rulings of the court, to which exception was taken by the plaintiffs, were unobjectionable. The testimony offered as to what was said by D. P. Dodge, and what answers were returned to the plaintiffs to their inquiries made in Tremont Row, was, under the circumstances stated, inadmissible. It

was an offer of proof, not of what was said by any party to the suit, as to any of the matters involved in its issue, but by strangers who had no connection with or interest in it, and therefore was obviously incompetent. The evidence which was admitted in relation to the conduct of the plaintiffs in reference to the attendance of N. Allen as a witness on the trial was competent, as having some tendency to show an effort on their part to suppress the introduction of material evidence in the case, and thus to obtain an unfair and unjust advantage. Such conduct might well create a doubt whether their allegation as to any fraud committed by Allen was well founded.

The exceptions, therefore, as to the rejection and admissibility of evidence must be overruled; but they are sustained as to the ruling of the court upon the subject of the burden of proof.

*Exceptions sustained.*